IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FREEDOM MORTGAGE CORPORATION, )
        Plaintiff, )
         )
v. ) C. A. No. 08-146-GMS
         )
IRWIN FINANCIAL CORPORATION, and )
IRWIN MORTGAGE CORPORATION, )
        Defendants. )

## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendants Irwin Financial Corporation ("IFC") and Irwin Mortgage Company ("IMC"), by and through its attorneys, hereby request that the Court take judicial notice of the following documents, which are attached as Exhibits A-F to the Declaration of Dominique-Chantale Alepin in Support of Defendants' Motion to Motion to Dismiss, Stay or Transfer to the Northern District of California:

    1.    Excerpts of IFC's Form 10-K for the year ended December 31, 2007 filed with the Securities and Exchange Commission ("SEC") on or about March 12, 2008 (Alepin Decl. Ex. A).

    2.    The complaint filed by Irwin Union Bank and Trust Company and Irwin Home Equity Corporation against Freedom Mortgage Corporation in the United States District Court for the Northern District of California on or about January 22, 2008, captioned *Irwin Union Bank and Trust Company and Irwin Home Equity Corporation v. Freedom Mortgage Corporation*, Case No. 08-00472 (PJH) (the "California action") (Alepin Decl. Ex. B).

    3.    The Motion to Dismiss or Stay Action and for an Order Compelling Arbitration filed by Freedom Mortgage Corporation in the California action on or about March 13, 2008 (Alepin Decl. Ex. C).

4. Plaintiffs Irwin Union Bank and Trust Company and Irwin Home Equity Corporation's Response re: Defendant Freedom Mortgage Corporation's Motion to Dismiss or Stay Action and for an Order Compelling Arbitration filed in the California action on or about April 9, 2008 (Alepin Decl. Ex. D).

5. The Initial Claim for Arbitration by Freedom Mortgage Corporation against Irwin Union Bank and Trust Company and Irwin Home Equity Corporation filed with the National Arbitration Forum ("NAF") on or about March 12, 2008, captioned *Freedom Mortgage Corporation v. Irwin Union Bank and Trust Company and Irwin Home Equity Corporation*, File no. MX 0803002058323 (Alepin Decl. Ex. E).

6. The letter from NAF dated April 15, 2008 (Alepin Decl. Ex. F).

Judicial notice of these documents is proper under Federal Rule of Evidence 201. This Court may take judicial notice of documents filed with the SEC as matters of public record. *See* Alepin Decl. Ex. A. Courts may take judicial notice of documents that are "capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). When documents are "required by law to be filed, and actually filed, with federal or state officials," those documents are deemed inherently reliable and the Court may take judicial notice of those documents on a motion to dismiss. *See DiLorenzo v. Edgar*, No. 03-841, 2004 WL 609374, at *2 (D. Del. Mar. 4, 2004). As such, courts routinely take judicial notice of SEC filings even when those filings are not specifically referenced in the complaint. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (approving judicial notice of "documents filed with the SEC, but not relied upon in the [c]omplaint").

The SEC filings at issue here are all "required by law to be filed with the SEC, and no serious questions as to their authenticity can exist." *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)) (taking judicial

notice of Forms 4 filed with the SEC). Therefore, this Court may take judicial notice of Irwin Financial Corporation's Form 10-K filed with the SEC.

This Court may take judicial notice of matters of public record including pleadings or documents filed in state or federal court and other related court records. *See Nash v. Beard*, 2006 WL 2988941 at * 1 (M.D. Pa. 2006) (taking judicial notice of "related official court filings") (citing Fed. R. Evid. 201)). This Court may therefore take judicial notice of the complaint and pleadings filed in the Northern District of California. This Court may also take judicial notice of the claim and actions in the arbitration proceedings. *See Stacks v. Southwestern Bell Yellow Pages, Inc.*, 27 F.3d 1316, 1325 (8th Cir. 1994). This Court may also take judicial notice of documents incorporated by reference in the Complaint. *See Buck v. Hampton Tp. School Dist.*, 452 F.2d 256, 260 (3d Cir. 2006). Both the Northern District of California action and arbitration action are referred to in the Complaint at ¶¶ 13-17 and are thus the proper subject of judicial notice. *Id.*

OF COUNSEL:

David J. Berger
Dominique C. Alepin
Wilson Sonsini Goodrich & Rosati, PC
650 Page Mill Road
Palo Alto, California 94304-1050
(650) 493-9300

Jenny L. Dixon
Wilson Sonsini Goodrich & Rosati, PC
One Market Street
Spear Tower, Suite 3300
San Francisco, California 94105
(415) 947-2000

Raymond J. DiCamillo (#3188)
dicamillo@rlf.com
Richards, Layton & Finger
920 N. King Street
Wilmington, DE 19899
(302) 651-7700

*Attorneys for Defendants*

Dated: April 23, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2008, I caused to be served by electronic service and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

William J. Lafferty
Theodore Kittila
Karl G. Randall
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

I further certify that on April 23, 2008, the foregoing document was served by electronic service and Federal Express to the following:

John K. Crossman
Frank C. Welzer
Zukerman Gore & Brandeis, LLP
875 Third Avenue
New York, NY 10022

Raymond J. DiCamillo (#3188)
dicamillo@rlf.com