IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FREEDOM MORTGAGE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| | ) | C. A. No. 08-146 GMS |
| | ) ) | |
| IRWIN FINANCIAL CORPORATION, and IRWIN MORTGAGE CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM**

## I.      INTRODUCTION

On March 12, 2008, Freedom Mortgage Corporation ("Freedom") filed a complaint against Irwin Financial Corporation ("Irwin Financial") and Irwin Financial's subsidiary, Irwin Mortgage Corporation ("Irwin Mortgage") (collectively, the "Irwin defendants") in the United States District Court for the District of Delaware. Freedom alleges that it was the victim of a "bait and switch," stemming from an Asset Purchase Agreement (the "APA"), in which Freedom agreed to purchase substantially all of Irwin Financial's assets. Among these assets, was a contract between Irwin Mortgage and another Irwin Financial subsidiary, Irwin Home Equity Corporation ("IHE") (the "IHE Agreement"). After Freedom purchased the IHE Agreement, these entities amended the IHE Agreement in an addendum (the "IHE Addendum"). Freedom avers that it executed the IHE Addendum under duress caused by IHE. Freedom further avers that Irwin Financial breached the APA by not exerting its power as IHE's parent to compel IHE to perform under the IHE Agreement. As such, Freedom seeks specific performance of the APA and damages stemming from the Irwin defendants' breach of contract.

Presently before the court is the Irwin defendants' motion to dismiss, stay, or transfer this action to the Northern District of California under Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. § 1406(a), and the "first-filed" rule.

Upon review of the facts, the law, and the submissions of the parties, the court concludes that, given the plain language of Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), relief is not available under these provisions. Venue for this action is properly laid in the District Court of Delaware by virtue of the Delaware forum selection clause in the APA. The court concludes, however, that transfer to the Northern District of California is appropriate in the interest of justice under 28 U.S.C. § 1404(a) and the "first-filed" rule. The court will now explain the rationale for its decision.

## II.     FACTS

### A.     The Parties' Agreement

IHE, Irwin Union Bank & Trust Company ("Irwin Union") and defendant Irwin Mortgage are all subsidiaries of defendant Irwin Financial. (D.I. 1 ¶ 1.) IHE and Irwin Mortgage are signatories to the IHE Agreement. (Id. ¶ 26.) This agreement contains provisions for the purchasing of mortgage loans according to particular underwriting guidelines, and the repurchasing of certain nonperforming loans. (Id. ¶¶ 26, 27.) The terms of this agreement are more favorable to Irwin Mortgage than industry standard guidelines. (Id. ¶ 26.)

On or about August 6, 2006, plaintiff Freedom entered into the APA with the Irwin defendants. (Id. ¶ 22.) The APA provided that Freedom acquire substantially all of the assets of the business of Irwin Mortgage, including the IHE Agreement. (Id. ¶¶ 23, 24.) After entering into the APA, Freedom executed the IHE Addendum, which altered the terms of IHE Agreement. (Id. ¶¶ 30,

41, 42.)  The events leading up to and following execution of the IHE Addendum are not material to the resolution of the instant motion, but what is clearly alleged in the pleadings is that the one or both of the parties to the IHE Addendum did not perform.  (Id. ¶ 37, 38, 43.)

### B.      The California Action

In January 2008, IHE and Irwin Union filed suit against Freedom in the Northern District of California.  (D.I. 13 Ex. B.)  Venue was based on a California venue provision in the IHE Agreement.  (Id. ¶ 8.)  In the complaint, IHE and Irwin Union claim that Freedom breached the IHE Agreement and IHE Addendum, by refusing to repurchase certain loans and making misrepresentations with respect to the condition of loans submitted to IHE and Irwin Union for purchase.  (Id. ¶¶ 42, 50.)  IHE and Irwin Union also aver that Freedom was negligent in failing to comply with reasonable, commercial standards when underwriting loans.  (Id. ¶¶ 54, 55.)

On March 12, 2008, Freedom filed an initial claim for arbitration in California, based upon the California venue provision in the IHE Agreement.  (D.I. 13 Ex. E.)  The arbitration complaint averred that the IHE Addendum was signed under duress, and that IHE and Irwin Union engaged in fraud in connection with the IHE Addendum.  (Id. ¶¶ 45(a), 45(b).)  Freedom sought a declaration that the IHE Addendum was void or voidable, and damages for the fraud allegation.  (Id. ¶¶ 45, 46, 51.)  Simultaneous to the filing of the initial claim for arbitration, Freedom sought an order staying the arbitration proceedings in order to pursue claims against Irwin Financial and Irwin Mortgage. (Id. ¶ 52.)

The following day, March 13, 2008, Freedom filed a motion to dismiss the California action and to compel arbitration.  (D.I. 13 Ex. C.)  On April 30, 2008, the Northern District of California held that the arbitration provision in the IHE Agreement was a mandatory arbitration provision and

compelled arbitration. *Irwin Union Bank & Trust Co. v. Freedom Mortgage Co.*, No. C 08-0472 PJH, 2008 WL 1925219, at *1 (N.D. Cal. Apr. 30, 2008). In the same order, the court denied Freedom's motion to dismiss and stayed the proceedings. *Id.*

### C.    The Delaware Action

On March 12, 2008, the same day Freedom filed its initial claim for arbitration in the California action, Freedom filed a complaint in this court against the Irwin defendants. (D.I. 1.) In its complaint, Freedom makes many of the same averments that it made in the initial claim for arbitration. These averments include: (1) unnamed persons at IHE and Irwin Mortgage secretly agreed to amend the IHE Agreement to impair Freedom's rights; (2) unnamed persons at IHE forced Freedom to sign the IHE Addendum; and (3) Freedom signed the IHE Addendum under duress. (Id. ¶¶ 28-31, 41.) Freedom seeks specific performance of the APA in this action. More specifically, Freedom seeks to compel the Irwin defendants to force their affiliate, IHE (one of the plaintiffs in the California action), to honor the IHE Agreement. (D.I. 1 Demand for Relief ¶¶ A(1)-(3).) Freedom also seeks damages for breach of the APA. (Id. ¶ B.)

On April 23, 2008, the Irwin defendants filed a motion to dismiss, stay, or transfer the Delaware action to the Northern District of California under Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. § 1406(a), and the "first-filed" rule. (D.I. 12.) The Irwin Defendants argue that the substance of the California action and the Delaware action are the same and, because the Northern District of California first had possession of the matter, the Delaware action should be dismissed, stayed, or transferred to California. (Id. at 10.) On May 23, 2008, Freedom filed an opposition to this motion, contending that the "first-filed" rule does not apply because the California action is not "materially on all fours" with the Delaware action. (D.I. 16 at 15.) Moreover, Freedom

4

contends that transfer is not an option, because of the APA's forum selection clause, and the fact that

the California action is already in arbitration. (Id. at 10.)

## III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss a case for

improper venue. Fed. R. Civ. P. 12(b)(3). Similarly, 28 U.S.C. § 1406(a) requires a court to dismiss

an action if the case is one "laying venue in the wrong division or district." Where a defendant

challenges venue under these provisions, it bears the burden of proving that venue is improper in the

selected forum. *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982).

## IV.   DISCUSSION

The court will first discuss why relief is unavailable under 28 U.S.C. § 1406(a) and Federal

Rule of Civil Procedure 12(b)(3). The court will next consider the application of the "first-filed"

rule. Finally, the court will discuss why it is appropriate to transfer this matter to the Northern

District of California pursuant to 28 U.S.C. § 1404(a).

### A.   Venue is Proper in the District of Delaware

The defendants move this court to dismiss, stay, or transfer this action pursuant to Federal

Rule of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406(a). (D.I. 12.) The defendants argue that the

California action involves the same subject matter as this action, and that Northern District of

California had first possession of the subject matter. (Id. at 10.) Therefore, the "first-filed" rule

requires dismissal, stay, or transfer of the Delaware action in the interests of judicial economy and

comity under Federal Rule of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406(a). (Id.) Conversely,

Freedom contends that the "first-filed" rule is inapplicable, because this action involves different

parties and different issues than the California action. (D.I. 16 at 15.) The court rejects the

defendants' assertion that the similarity of the substance of the California and Delaware actions requires their motion be granted.

Federal Rule of Civil Procedure 12(b)(3) provides a mechanism by which a party may challenge, as improper, the venue chosen by the plaintiff. Similarly, 28 U.S.C. § 1406(a) requires a court to dismiss or transfer an action if the case is one "laying venue in the wrong division or district." 28 U.S.C. § 1406(a). In deciding a motion such as this, the district court must determine whether venue is proper according to the appropriate statutes. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988). Where venue is proper, transfer or dismissal under Section 1406(a) is not available. *See Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

Venue in this suit is based on the forum selection clause of the APA. Section 11.7 of the APA provides that "[t]he parties agree to be subject to personal jurisdiction in the State of Delaware with regard to any action or claim arising out of or relating to this agreement. . . ." (D.I. 1 Ex. A ¶ 11.7.) In this same section, the APA further provides that ". . . any action or claim arising out of or relating to this agreement . . . shall be brought in the United States District Court for the District of Delaware. . . ." (Id.) This forum selection clause is presumptively valid and will be enforced unless the Irwin defendants can make a strong showing that it is the result of fraud or overreaching,, or would result in litigation in such a seriously inconvenient jurisdiction to be unreasonable. *See Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15, 18 (1972)).

Here, the Irwin defendants do not assert that they signed the APA under circumstances suggesting fraud or overreaching. Furthermore, there is no indication that litigation in the District

6

of Delaware would so seriously inconvenience the Irwin defendants as to deny them their day in court. *See id.* Indeed, it appears from the record that Freedom and the Irwin defendants engaged in arms-length negotiations before entering into the APA. The parties to that agreement intended to subject themselves to the personal jurisdiction of the District of Delaware. Finally, the parties agreed that any disputes arising under the APA would be resolved in the District of Delaware. Because Freedom's complaint avers claims under the APA and the Irwin defendants have failed to make the required "strong showing" that the forum selection clause is invalid, venue is proper in the District of Delaware.

**B.      The "First-Filed" Rule Applies to the Delaware Action**

The Irwin Defendants also argue that this action should be dismissed, stayed, or transferred under the "first-filed" rule, because the California action was filed first and involves the same obligations and rights at issue in this action. (D.I. 12 at 10.) For the following reasons, the court agrees.

The Third Circuit recognizes the "first-filed" rule. *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941). The rule provides that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject matter must decide it." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (citations omitted). It is a rule based on sound judicial administration, comity, and equity. *Id.* Its purpose is to avoid differing outcomes on the same issue by two sister courts, thereby minimizing duplicative litigation in different fora, and saving judicial resources. *Id.* While the first filed rule is not rigidly enforced, departure from the rule is recognized only where there is bad faith or forum shopping, and where the second-filed action has developed further than the initial suit. *Id.* at 972, 976-77.

Here, Freedom does not assert that IHE or Irwin Union engaged in bad faith or forum shopping when they filed the Northern District of California action. Nor does it assert that this action has developed further than the California action. Instead, Freedom argues that this suit is not "materially on all fours" with the California action. *See Girder v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 334 n.6 (3d Cir. 2007) (stating that for the "first-filed" rule to apply "[t]he one [case] must be materially on all fours with the other. . . ."). As Freedom correctly points out, this circuit requires that "the issues 'have such an identity that a determination in one action leaves little or nothing to be determined in the other.'" *Id.* (*quoting Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997)). Complete identity of the parties and issues, however, is not required for the "first-filed" rule to apply. *See E.E.O.C.*, 850 F.2d at 971 ("first-filed" rule prevents "subsequent prosecution of *similar cases* . . .in different federal courts") (emphasis added) (internal quotations and citations omitted); *Kerotest Mfg. v. C-O-Two Fire Equip. Co.*, 189 F.2d 31, 34 (3d Cir. 1951) (holding that the "first-filed" rule applies if subsequently filed action involves additional parties), *aff'd* 342 U.S. 180 (1952); *Time Warner Cable Inc. v. GPNE Corp.*, 497 F. Supp. 2d 584, 589 (D. Del. 2007) (noting that the Third Circuit applies the "first-filed" rule to "cases involving the *same issues*" where the parties are not identical) (emphasis added).

In the present case, Freedom cannot avoid the application of the "first-filed" rule simply by filing a complaint against different parties and under a different contract, where the claims all pertain to the subject matter of another dispute already before a competent court. In the California action, IHE and Irwin Union seek to determine their obligations and liability under the IHE Agreement and IHE Addendum. In its initial claim for arbitration, Freedom asserts that the IHE Addendum is not binding because of fraud and duress committed by IHE and Irwin Union. In the Delaware action,

Freedom seeks to have the Irwin defendants compel IHE and Irwin Union to honor the IHE Agreement and not enforce the IHE Addendum.  Because the actions in Delaware and California both hinge on the enforceability of the same IHE Agreement and same IHE Addendum, they share the same facts.  *See Time Warner*, 497 F. Supp. 2d at 589.  To permit Freedom to skirt the "first-filed" rule by pleading around the California action, would eviscerate the very purpose of the rule, which is to avoid duplicate litigation.  Accordingly, in the interest of comity, fairness to the parties, and sound judicial administration, the court will either dismiss, stay, or transfer this action to the Northern District of California.

C.     **Transfer Pursuant to 28 U.S.C. § 1404(a) is Proper**

This court has held that transfer under 28 U.S.C. § 1404(a) is appropriate where the "first-filed" rule applies.  *See Bank of America, N.A. v. S.I.P. Assets, LLC*, No. CIV A 07-159 GMS, 2007 WL 2698192 (D. Del. Sept. 11, 2007).  28 U.S.C. § 1404(a) provides that venue may be changed to any other district where the action may have been brought out of convenience to the parties or witnesses, or in interests of justice.  One of the purposes of the power to transfer under § 1404(a) is to avoid the "wastefulness time, energy and money" of simultaneously pending litigation in different district courts over a single transaction or event.  *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).

In order to transfer a matter under § 1404(a), the court must determine whether the action was properly brought in this court and whether it could have been brought in the Northern District of California.  In addition, the court must determine "whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum."  *Jumara*, 55 F.3d at 879 (citation omitted).  This inquiry requires "a multi-factor balancing test,"

9

embracing not only the statutory criteria of the interests of justice and the convenience of the parties and witnesses, but all relevant factors, including certain private and public interests. *Id.* at 875. These private interests include the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties; the convenience of the expected witnesses; and the location of books and records, to the extent that they could not be produced in the alternative forum. *Id.* at 879. Among the relevant public interests are: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; [and] the public policies of the fora. *Id.* at 879-80.

In making its determination, the court first finds that this action could have been brought in either the District of Delaware or the Northern District of California. As stated above, the action was properly brought in the District of Delaware pursuant to the APA's forum selection clause. Similarly, this action could have been brought in the Northern District of California. The litigation in California and the litigation in Delaware share the same nexus – the IHE Agreement and IHE Addendum. As such, Freedom was free to file counterclaims or cross-claims against the Irwin defendants, or to move to join them as indispensible parties pursuant to Federal Rule of Civil Procedure 19 in the California action. Moreover, the Northern District of California can exercise personal jurisdiction over all of the parties. IHE and Irwin Union filed the California action. Irwin Mortgage was a signatory to the IHE agreement, which contains a California forum selection clause. Freedom did not challenge personal jurisdiction in the Northern District of California and filed its initial claim for arbitration in California. Finally, Irwin Financial filed the instant motion to stay, dismiss, or transfer to the Northern District of California. These facts demonstrate to the court that

this action could have been filed in either jurisdiction.

The court also concludes that the balance of conveniences and public interest weigh in favor of transfer. Here, the subject matter of the Delaware and California actions is the same and should be resolved in a single forum. Moreover, Freedom filed its initial claim for arbitration in the Northern District of California. Therefore, it cannot now claim that it is inconvenient to litigate there. Finally, application of the "first-filed" rule weighs heavily in this court's analysis and compels transfer in the interest of justice. Indeed, fairness to the parties, sound judicial administration, efficiency, and comity require that this court transfer this action to the Northern District of California.

Freedom asserts that the Delaware forum selection clause precludes the Northern District of California from hearing the APA related claims. (D.I. 16 at 11.) The court is not persuaded. While the Delaware forum selection clause is valid, such clauses are not enforced when they "violate a strong public policy of the forum." *Coastal Steel Corp. v. Tilgham Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983), *overruled on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495 (1989). In this case, enforcement of the Delaware forum selection clause would violate Delaware's public policies promoting judicial efficiency and comity served by the first-filed rule. As is evident by the allegations in both Freedom's Delaware complaint and Freedom's initial claim for arbitration, the IHE Agreement, IHE Addendum, and the APA are inextricably intertwined in these disputes. Enforcement of the forum selection clauses of both the IHE Agreement and the APA could result in conflicting results, confusion, expense, and waste of judicial resources. This situation is precisely what the "first-filed" rule seeks to prevent. Moreover, under the section 1404(a) analysis, the consideration of a valid forum selection clause, while entitled to substantial weight, is but one factor

11

to be considered with other § 1404(a) factors. *See Stewart Org. Inc.*, 487 U.S. at 29, 31; *Jumara*, 55 F.3d 873.

Finally, Freedom contends that transfer to the Northern District of California is not an option because that court compelled arbitration. (D.I. 16 at 10.) The court, however, is not persuaded that this matter cannot be resolved in the Northern District of California. (Id. at 12.) The California action has been stayed – not dismissed – pending the outcome of the arbitration that Freedom requested. Moreover, claims under one agreement that does not contain an arbitration clause, such as the APA, may nonetheless be arbitrable when based upon the breach of another agreement containing an arbitration clause, such as the IHE Agreement. *See Brayman Constr. Corp. v. Home Ins. Co.*, 319 F.3d 622, 626 (3d Cir. 2003). Given the foregoing, the court concludes that transfer to the Northern District of California is appropriate. Thus, the court will grant the Irwin defendants' motion.

## V.     CONCLUSION

For the forgoing reasons, the court finds that relief under 28 U.S.C. §1406(a) is inappropriate, because this action was properly filed in the District of Delaware. The court finds, however, that this action shares the same subject matter with the action currently pending and first-filed in the Northern District of California. As such, the court will order the transfer of this action to that district pursuant to 28 U.S.C. § 1404(a) and the "first-filed" rule.

Dated: March 22, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FREEDOM MORTGAGE                 )
CORPORATION,                     )
                                 )
        Plaintiff,               )
                                 )
                                 )    C. A. No. 08-146 GMS
                                 )
IRWIN FINANCIAL CORPORATION,     )
and IRWIN MORTGAGE               )
CORPORATION,                     )
                                 )
        Defendants.              )

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.    The defendant's Motion to Dismiss, Stay or Transfer to the Northern District of

      California (D.I. 11) is GRANTED.

2.    The above-captioned matter is hereby TRANSFERRED to the United States District

      Court for the Northern District of California.

3.    The Clerk of Court is directed to close this case.

Dated: March 23, 2009

_____
CHIEF, UNITED STATES DISTRICT JUDGE